# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL BONNER,

      Plaintiff,

v.

SGT. ROZMARYNOSKI, SGT. COLLINS, and JOHN and JANE DOES,

      Defendants.

Case No. 17-CV-674-JPS

**ORDER**

  Plaintiff Paul Bonner, who is incarcerated at the Wisconsin Secure Program Facility, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $2.44. *See* 28 U.S.C. § 1915(b)(1).

  The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff presents two claims from his time spent in Green Bay Correctional Institution. The first arose in November 2016. Plaintiff states that he suffers from migraine headaches as a result of a severe skull injury. (Docket #1 at 1). On November 20, Plaintiff complained to Defendant Sgt. Rozmarynoski ("Rozmarynoski") that he was having such a headache. *Id.* Rozmarynoski contacted the Health Services Unit ("HSU"), namely nurse Jane Doe ("Nurse Doe #1"). Rozmarynoski told Nurse Doe #1 that Plaintiff had no signs of severe pain and had walked to the cafeteria and back. *Id.* Nurse Doe #1 decided that she did not need to see Plaintiff immediately, and that he should instead submit a standard request for medical services. *Id.* Plaintiff later told Rozmarynoski that he was having severe pain and blacked out, but the sergeant refused to call the nurse. *Id.* at 2. Two days later, Plaintiff was seen by HSU and received treatment. *Id.*

Plaintiff's second claim arose on December 16, 2016. He contacted Defendant Sgt. John Doe ("Sgt. Doe") about his headaches, requesting an injection which had been prescribed to treat them. *Id.* Sgt. Doe told Plaintiff to submit a written request for medical attention. *Id.* Later, Plaintiff told Defendant Sgt. Collins ("Collins"), who was working on the next shift, that he was in pain and needed the injection. *Id.* Plaintiff waited for Collins to contact a nurse. *Id.* When Plaintiff checked in later, however, Collins said she forgot to call a nurse. *Id.* On the next shift, Plaintiff again requested medical attention via the on-duty sergeant. *Id.* That sergeant (not a defendant) told Plaintiff that another Jane Doe nurse ("Nurse Doe #2) was apparently contacted and did not think Plaintiff's pain was serious. The sergeant reiterated that Plaintiff should submit a written medical services request. At some point, Plaintiff eventually received the injection he desired. *Id.*

Given the exceedingly low pleading bar at the screening stage, Plaintiff may proceed on his claims under the Eighth Amendment. The Eighth Amendment imposes liability on state officials when they are deliberately indifferent to the serious medical needs of inmates. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The *Gayton* case outlines the elements of the claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) this indifference caused [him] some injury. An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a

> condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.
>
> With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted. Whether a medical condition is "serious" and whether a defendant was "deliberately indifferent" to it are fact questions, to be resolved by a jury if a plaintiff provides enough evidence to survive summary judgment.

*Id.* (citations and quotations omitted). Plaintiff's allegations state that each Defendant knew that Plaintiff was in substantial pain, and delay in pain treatment can qualify as a "serious medical condition." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). The allegations further establish that Defendants either did nothing about it or discounted the pain without actually evaluating Plaintiff. Finally, the exhibits to the complaint suggest that the second claim arose from a lack of Plaintiff's medication at the prison. (Docket #1-1 at 9-10). Whether this was, in itself, the result of the deliberate indifference of any Defendant, that issue will be sorted out in this litigation.

In sum, the court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Defendants' deliberate indifference to Plaintiff's serious medical need, in violation of the Eighth Amendment, as related to pain treatment for his migraine headaches in November and December 2016.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the

transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge