# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL BONNER,

        Plaintiff,

v.

TONIA ROZMARYNOSKI,
MICHAEL SNODGRASS, ZACHARY
BERGER, and STEVE BOST,

        Defendants.

Case No. 17-CV-674-JPS

**ORDER**

On February 23, 2018, the Court granted Defendants' motion for summary judgment and dismissed this action with prejudice. (Docket #37 and #38). On March 12, 2018, Plaintiff filed a motion for reconsideration of that decision, styled as a motion to amend the Court's judgment. (Docket #39). Defendants responded to the motion on March 15, 2018, (Docket #40), and Plaintiff has declined to file a reply within the time allotted, Civ. L. R. 7(c).

Plaintiff cites Federal Rule of Civil Procedure ("FRCP") 59(e) as the basis for his motion. "A Rule 59(e) motion will be successful," the Court of Appeals holds, "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (quotation omitted). FRCP 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

The thrust of Plaintiff's motion is that summary judgment should not have been granted to Defendant Steve Bost. (Docket #39). All of Plaintiff's arguments on this point could have, and should have, been presented in his response to Defendants' summary judgment motion. Indeed, he made those arguments, albeit in a truncated form, in his summary judgment response brief. *See* (Docket #30 at 2-3). Plaintiff barely mentions the other defendants. *See generally* (Docket #39). The *Oto* court's observations apply here:

> A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). Contrary to this standard, Beverley's motions merely took umbrage with the court's ruling and rehashed old arguments. They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent. As such, they were properly rejected by the District Court.

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). As explained in its order on summary judgment, the Court's application of controlling precedent to the undisputed facts led to dismissal of each of Plaintiff's claims. His motion for reconsideration is an impermissible attempt to get a second bite at the summary judgment apple.

Though Plaintiff did not cite it, another rule of procedure could apply here. *See Obreicht v. Raemisch*, 517 F.3d 489, 493–94 (7th Cir 2008). FRCP 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of*

*Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006). Plaintiff's motion does not merit relief under FRCP 60(b) because it merely disagrees with the Court's conclusions, rather than addressing any of the specific issues listed by the Rule. Simply asserting "that the . . . court's underlying judgment was wrong . . . is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681.

In sum, Plaintiff's motion does not merit relief under either FRCP 59(e) or 60(b), and must therefore be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend the judgment (Docket #39) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge